UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER LEE VERDIN SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3516** |
| **SHERIFF JERRY LARPENTER,** **WARDEN JOE M. NULL** | **SECTION "J" (4)** |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Christopher Lee Verdin, Sr. ("Verdin"), was housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") in Houma, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983.[1] Verdin and the co-plaintiff, Dean Preston Bergeron, seek monetary damages because, as pretrial detainees, they were denied

---

[1] Rec. Doc. No. 1.

visitation with their children.[2]  The plaintiffs claim that Sheriff Larpenter and Warden Null only allow convicted trustee inmates to have visitation with their children.

## II.    Procedural Background

On July 10, 2007, this Court issued an Order scheduling a hearing with Verdin pursuant to *Spears v. McCotter*[3] for August 27, 2007.[4]  The Order was mailed to Verdin by the Clerk of Court at the TPCJC, his only address of record.  On July 19, 2007, the envelope containing the Order was returned to the Court marked "Return to Sender, Released from TPCJC."[5]

On August 29, 2007, the Court was notified by officials at the TPCJC that Verdin was released from TPCJC on June 11, 2007.[6]  The Court was provided with an address for Verdin at 6916 Shrimpers Row, Dulac, Louisiana, 70353-2310.

That same day, the Court ordered that the *Spears* Hearing be rescheduled for September 13, 2007.[7]  In the Order, Verdin was directed to provide the Court with a telephone number at which he

---

[2] Two other inmates, Tommie LeDon Jenkins and Willie Guillot, Jr. were named as plaintiffs on the complaint. However, neither of these individuals submitted a pauper form or paid the filing fee.  The Clerk of Court was instructed not to include them as plaintiff.  Rec. Doc. No. 4.  Verdin and Bergeron were granted pauper status.  Rec. Doc. Nos. 3, 21.

[3] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims.  *Spears*, 766 F.2d at 180.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[4] Rec. Doc. No. 10.

[5] Rec. Doc. No. 17.

[6] Rec. Doc. No. 28.

[7] *Id.*

could be reached. Verdin was also advised that "failure to comply with this order may result in dismissal without further notice."[8]

The Order was mailed to Verdin by the Clerk of Court at the Dulac, Louisiana address provided by the TPCJC. The envelope has not been returned as undeliverable. As of this writing, the plaintiff has failed to comply with this order or otherwise contact the Court.

**III.   Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's prior order to Verdin at the address obtained from the TPCJC. Verdin did not notify the Court that he had been released from jail nor has he provided the Court with his current address or telephone number. Verdin was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page ten of his Complaint, where he signed the Plaintiff's Declaration on May 3, 2007. The Uniform Louisiana Local Rules applicable to this Court also require that a *pro se* plaintiff provide the Court with a current address or face dismissal of the case. *See* L.R. 41.3.1E.

---

[8]*Id.*

Verdin has not provided the Court with a change of address, change of telephone number or any other means of contacting him. He also has failed to make himself available for the scheduled *Spears* Hearing. Accordingly, dismissal of Verdin's § 1983 claims is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

### IV. Recommendation

It is therefore **RECOMMENDED** that Verdin's Title 42 U.S.C. § 1983 claims against Sheriff Larpenter and Warden Null be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_27th\_\_\_ day of _____September_____, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**