UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER LEE VERDIN SR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3516** |
| **SHERIFF JERRY LARPENTER,** **WARDEN JOE M. NULL** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court held a hearing pursuant to *Spears v. McCotter*[1] on September 10, 2007, with the plaintiff, Dean Preston Bergeron, Jr., and counsel for the defendants participating by telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.   Factual Summary

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991). The cassette tape of the hearing is being placed in the custody of the Court Recording Unit along with a copy of this report.

[2] Rec. Doc. No. 29.

The plaintiff, Dean Preston Bergeron, Jr. ("Bergeron"), was housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") in Houma, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983.[3] Bergeron and the co-plaintiff, Christopher Lee Verdin, Sr., sought monetary damages because, as pretrial detainees, they were denied visitation with their children.[4] The plaintiffs claim that Sheriff Larpenter and Warden Null only allow convicted trustee inmates to have visitation with their children.

## II. Procedural Background

The Court scheduled a Preliminary Conference by telephone with Bergeron for October 23, 2007.[5] The Order was mailed to Bergeron by the Clerk of Court at the TPCJC, his only address of record, and the envelope has not been returned as undelivered.

On October 23, 2007, while attempting to conduct the conference, the Court was notified by officials at the TPCJC that Bergeron was released into the custody of the United States Marshals and his current location was unknown.[6] Bergeron has not attempted to contact the court or notify the court of his current address.

---

[3] Rec. Doc. No. 1.

[4] Two other inmates, Tommie LeDon Jenkins and Willie Guillot, Jr. were named as plaintiffs on the complaint. However, neither of these individuals submitted a pauper form or paid the filing fee. The Clerk of Court was instructed not to include them as plaintiffs. Rec. Doc. No. 4. Verdin and Bergeron were granted pauper status. Rec. Doc. Nos. 3, 21. Verdin's claims have since been dismissed for failure to prosecute. Rec. Doc. Nos. 32.

[5] Rec. Doc. No. 30.

[6] Rec. Doc. No. 33.

**III.    Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

Bergeron has not notified the Court that he has been transferred from TPCJC nor has he provided the Court with his current address or prison location. Bergeron was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page ten of his Complaint, where he signed the Plaintiff's Declaration on May 3, 2007. The Uniform Louisiana Local Rules applicable to this Court also require that a *pro se* plaintiff provide the Court with a current address or face dismissal of the case. *See* L.R. 41.3.1E.

Bergeron has not provided the Court with a change of address or any other means of contacting him. He also has failed to make himself available for the scheduled Preliminary Conference. Accordingly, dismissal of Bergeron's § 1983 claims is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Bergeron's Title 42 U.S.C. § 1983 claims against Sheriff Larpenter and Warden Null be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_8th\_\_ day of \_\_November\_\_, 2007.

                                                                  **KAREN WELLS ROBY**
                                                                  **UNITED STATES MAGISTRATE JUDGE**